LAZARE POTTER GIACOVAS & MOYLE LLP
747 Third Avenue, 16th Floor
New York, New York 10017
Telephone (212) 758-9300
Facsimile: (212) 888-0919
Attorneys for Petitioner,
Squarepoint Ops, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

SQUAREPOINT OPS, LLC,                                   Civ. No.


                            Petitioner,          **PETITION TO CONFIRM**
                                                 **ARBITRATION AWARD**

    v.

VOJISLAV SESUM,

                            Respondent.
------------------------------------------------------------x

       Petitioner, Squarepoint Ops, LLC, ("Squarepoint"), by and through its attorneys of record, Lazare Potter Giacovas & Moyle LLP, alleges as follows:

<u>**NATURE OF THE PROCEEDING AND RELIEF SOUGHT**</u>

       1.    Squarepoint commences this proceeding to confirm an arbitration award (the "Award") issued in the American Arbitration Association proceedings captioned *Squarepoint Ops LLC v. Vojislav Sesum*, AAA Case No. 01-18-0001-5834 (the "Arbitration") and to have judgment entered thereon, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. A copy of the Award, dated July 3, 2019, is attached as Exhibit A hereto, and incorporated by reference herein.

<u>PARTIES</u>

2.      Squarepoint is a Delaware limited liability company, with its principal place of business located in New York at 250 West 55th Street.  Squarepoint is a global investment management firm and is a registered investment advisor with the Securities & Exchange Commission.

3.      On information and belief, Respondent, Vojislav Sesum ("Sesum") is an individual residing at 255 East 49th Street, Apt. 15B, New York, New York. Sesum is a former employee of Squarepoint.

<u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction to confirm an arbitral award in favor of a party pursuant to 28 U.S.C. § 1331(a) because this is an action under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 to confirm an arbitration award.

5.      Venue is proper in this Court pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1391(a) since a substantial part of the events or omissions giving rise to the claims of Petitioner occurred in this district, and all parties are subject to personal jurisdiction in this district.

<u>BACKGROUND</u>

6.      On April 20, 2018, Squarepoint filed a request for arbitration with the American Arbitration Association ("AAA"), pursuant to the arbitration clause contained in the offer letter that Sesum signed at the commencement of his employment with Squarepoint (Exhibit A, p.1).

7.      The arbitration clause stated in pertinent part:

> the controversy, dispute or claim will be settled by arbitration administered by the American Arbitration Association (the "AAA") under its Employment Arbitration Rules. You and the Company will each bear one-half of the fees and expenses of the arbitrator(s), and each party will bear its own legal fees and expenses incurred in connection with such arbitration. You agree

that any arbitration decision and/or award will be final and binding
and may be entered as a judgment in any appropriate court.

8.    The request for arbitration and statement of claim filed thereafter asserted claims
for breach of Squarepoint's Confidentiality and Intellectual Property provisions incorporated into
Sesum's employment contract; violation of the Defend Trade Secrets Act ("DTSA") by
misappropriating Squarepoint's trade secrets; and breach of the duty of loyalty under the
faithless servant doctrine (Exhibit A, p. 23-24).

9.    These claims stemmed from actions Sesum had surreptitiously taken prior to his
resignation from Squarepoint on March 5, 2018 (*Id.*).

10.    Sesum served his Answer denying the allegations on July 9, 2018 and asserting a
counterclaim for breach of contract against Squarepoint (Exhibit A, p. 24).

11.    On May 21, 2018, Erica B. Garay was appointed as sole arbitrator.

12.    On August 24, 2018, Arbitrator Garay dismissed the counterclaim after
Squarepoint moved for its dismissal and the parties fully briefed the issue (*Id.*).

13.    The parties then engaged in substantial discovery, including a document
production made by Sesum's subsequent employer, Millennium Management LLC
("Millennium") (*Id.*).

14.    Following a four-day hearing held on February 25 through 28, 2019 that included
testimony from two employees of Millennium responsible for recruiting Sesum away from
Squarepoint, post-hearing briefing and oral argument by the parties, and full review of the
evidence provided by the parties (Exhibit A, p. 24-25), the arbitrator concluded that Sesum
misappropriated Squarepoint's trade secrets, breached his employment contract and breached his
duty of loyalty as a faithless servant.

15.     The arbitrator ordered Sesum to pay Squarepoint $188,136.87 on the faithless servant claim and $919,052.78 on the breach of contract claim—a total of $1,107,189.65 in monetary damages and pre-judgment interest—within thirty days of the date of the Award (by August 2, 2019), plus interest at the rate of 9 percent, accruing from August 2, 2019 and continuing until payment of the Award (Exhibit A, pp. 30, 34). The arbitrator further ordered Sesum to reimburse Squarepoint for his half of the AAA's arbitration fees, a total of $5,075 (Exhibit A, p. 38).

16.     In addition to the above damages, the Arbitrator ordered Sesum "to account for and disgorge to Squarepoint all profits that he has been paid by Millennium for its use of the [stolen] strategy", and "to continue to account for all profits he receives and are made on the use of the strategy" in the future (Exhibit A, p. 34).

17.     The Arbitrator also issued a permanent injunction and ordered the following injunctive relief against Sesum (Exhibit A, pp. 36-37):

> a.     Sesum is enjoined and directed to provide and return all originals and copies of the underlying code and any backtests to Squarepoint within 30 days, (and not retaining any copies) including all copies that he provided to any other person or entity, whether directly or indirectly, and to report to Squarepoint within 30 days the identity of all persons and entities to whom Sesum gave copies in any form or to whom he licensed such (whether directly or indirectly); he shall certify such to Squarepoint, within 30 days by affidavit.
>
> b.     Sesum is enjoined and directed to inform Millennium that he did not own Pre-Employment Intellectual Property (as described in his Financial Manager Agreement with Millennium and in C.Exs. 27 and which is the subject of C.Ex.127) and that he developed such during his employment with Squarepoint, and that, under the Employment Agreement and Handbook with Squarepoint, such is owned by Squarepoint and that he had no right to license such and that such intellectual property should be deleted from its computer systems and not used by Millennium without the express written consent of Squarepoint. Sesum shall,

4

within 30 days hereof, certify by affidavit that he has informed Millennium and identify all persons and entities using the Strategy, to the extent he reasonably knows.

c.     Sesum is enjoined and directed to immediately cease using and divulging the Strategy (whether directly or indirectly) and its underlying intellectual property and within 30 days to account for all profits he was paid on account of the use of the Strategy (which is the subject of C.Ex. 127) and to disgorge and pay to Squarepoint any profits Millennium paid to Sesum (as provided in his Financial Manager Agreement that is based upon the Strategy that he represented to Millennium was his Pre-Employment Intellectual Property) within 30 days hereof or within 30 days of the receipt of such profits by him and to certify by affidavit that he has complied with this paragraph; and

d.     Sesum is enjoined and directed to inform Millennium, as well as all other agents or principals, of this injunction and its text within 7 days hereof. Sesum shall certify by affidavit that he has done so.

18.     On July 10, 2019, Sesum complied with the directive detailed in paragraph 17(d), above, and submitted an Affidavit in which he averred that his employer, Millennium, was informed of the injunction.

19.     Other than providing the affidavit as outlined in paragraph 17(d), however, Sesum failed to comply with any other portion of the Award by the August 2, 2019 deadline.

20.     On August 3, 2019, through counsel, Squarepoint requested confirmation, by email, as to whether Sesum was going to comply with the Award. To date, there has been no response to that e-mail.

## CLAIM FOR RELIEF
### (Confirmation of the Award Under 9 U.S.C. § 9)

21.     The Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, govern this Award, because the Award arises from a contractual relationship that involves commerce and contains an arbitration provision. 9 U.S.C. § 2.

22.     This Court has jurisdiction to confirm the Award against Sesum.

23.     This petition is being filed within one year after the Award was made, as required by 9 U.S.C. § 9.

24.     The Federal Arbitration Act provides that upon application by any party to the arbitration agreement for an order confirming the award, "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. 9 U.S.C. § 9 (emphasis added).

25.     None of the grounds available for vacatur, modification or correction of an award specified in Sections 10 and 11 of the Federal Arbitration Act should be applied to the Award.

26.     Therefore, the Award should be confirmed pursuant to 9 U.S.C. § 9.

WHEREFORE, Petitioner respectfully requests an order:

1.     Confirming the Award and entering judgment in favor of Petitioner and against Respondent in accordance with the Award, for the sum of $1,107,189.65, plus $5,075 in arbitration fees for a total of **$1,112,264.65**, plus interest at the rate of 9 percent, accruing from August 2, 2019 through the date of payment;

2.     Entering a permanent injunction against Sesum as follows:

a.     Sesum is enjoined and directed to provide and return all originals and copies of the underlying code and any backtests to Squarepoint within 30 days, (and not retaining any copies) including all copies that he provided to any other person or entity, whether directly or indirectly, and to report to Squarepoint within 30 days the identity of all persons and entities to whom Sesum gave copies in any form or to whom he licensed such (whether directly or indirectly); he shall certify such to Squarepoint, within 30 days by affidavit.

b.      Sesum is enjoined and directed to inform Millennium that he did not own Pre-Employment Intellectual Property (as described in his Financial Manager Agreement with Millennium and in C.Exs. 27 and which is the subject of C.Ex.127) and that he developed such during his employment with Squarepoint, and that, under the Employment Agreement and Handbook with Squarepoint, such is owned by Squarepoint and that he had no right to license such and that such intellectual property should be deleted from its computer systems and not used by Millennium without the express written consent of Squarepoint. Sesum shall, within 30 days hereof, certify by affidavit that he has informed Millennium and identify all persons and entities using the Strategy, to the extent he reasonably knows.

c.      Sesum is enjoined and directed to immediately cease using and divulging the Strategy (whether directly or indirectly) and its underlying intellectual property and within 30 days to account for all profits he was paid on account of the use of the Strategy (which is the subject of C.Ex. 127) and to disgorge and pay to Squarepoint any profits Millennium paid to Sesum (as provided in his Financial Manager Agreement that is based upon the Strategy that he represented to Millennium was his Pre-Employment Intellectual Property) within 30 days hereof or within 30 days of the receipt of such profits by him and to certify by affidavit that he has complied with this paragraph; and

d.      Sesum is enjoined and directed to inform Millennium, as well as all other agents or principals, of this injunction and its text within 7 days hereof. Sesum shall certify by affidavit that he has done so.

and ordering Sesum's compliance therewith; and

3.      Granting such other and further relief as the Court deems just and proper

under the circumstances.

Dated: New York, New York
       August 6, 2019

LAZARE POTTER GIACOVAS
& MOYLE LLP

By:   /s/ Lainie E. Cohen
      Robert A. Giacovas
      rgiacovas@lpgmlaw.com
      Lainie E. Cohen
      lcohen@lpgmlaw.com
      Anna Pia D. Felix
      afelix@lpgmlaw.com
      747 Third Avenue, 16th Floor
      New York, New York 10022
      (212) 758-9300

      *Attorneys for Petitioner*
      *Squarepoint Ops, LLC*